## TAY v. THE CONCORD SAVINGS BANK.

In an action for a bank deposit made by the plaintiff in his name as treasurer of a committee, who hold the fund for a designated purpose, and having appropriated it for that purpose, and the bank having paid the deposit to another person chosen by the committee to receive it, the plaintiff cannot recover.

ASSUMPSIT, for a deposit of money claimed to have been paid to the wrong person. A referee found the facts. Twenty-five persons, residents of East Concord, raised money by a fair, for the purpose of procuring a hall there for public entertainments and instruction. They placed the disposition of the money in the hands of an executive committee, and chose the plaintiff treasurer, who deposited the money with the defendants in his name as treasurer of the committee. When the money was raised it was generally understood by the association that it would be used to finish a hall in the school-house, if the consent of the school-district could be obtained; but it was not understood that the committee, in selecting a place for a hall, were limited solely to the room in the school-house. Consent to finish a hall in the school-house not being obtained, and the city of Concord having constructed an engine-house at East Concord, it was arranged by the committee with the city that it should finish a suitable hall in that building, and receive the money raised at the fair. The city finished the hall suitably for the purpose designated, and the plaintiff, on demand, refused to pay the money. A majority of the twenty-five approved the action of the committee and chose another treasurer, who demanded and received of the defendants the money, and paid it to the city. The plaintiff claimed that the money, not being used for obtaining a hall in the school-house, had been diverted from its original designation, and wrongfully and without authority paid by the defendants.

*Norris & Albin*, for the plaintiff.

*Mugridge*, for the defendants.

ALLEN, J. There was no diversion of the trust fund. The main purpose of the enterprise being to finish a hall for public entertainments at East Concord, and a convenient public hall having been provided for the purpose, the fund has been appropriated as originally intended. The disposition of the fund was given to the executive committee, and the appropriation of the fund by that committee, acting with unanimity, as fairly appears, was sufficient authority to warrant payment by the bank, and the payment was a discharge. The action, on the facts stated, cannot be maintained.

*Judgment for the defendants.*

FOSTER, J., did not sit: the others concurred.